**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50287 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01412-PSG-2 |
| v. | |
| ATA DIGHLAWI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted August 31, 2011
Pasadena, California

Before: SCHROEDER and GOULD, Circuit Judges, and MCCUSKEY, Chief District Judge.[**]

Appellant Ata Dighlawi ("Dighlawi") appeals the district court's order of restitution requiring him to pay restitution totaling $438,326.39 to the victims of his crime. Appellant also filed a Request for Judicial Notice for this court to take

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. Rule 36-3.

[**] The Honorable Michael Patrick McCuskey, Chief District Judge for the U.S. District Court for Central Illinois, Urbana, sitting by designation.

judicial notice of matters not otherwise included in the record on appeal—specifically the joint motion for amended judgment and the third amended judgment filed in the district court in *United States v. Mohamad Esmail*, CR 08-1412-PSG (C.D. Cal.)—which is granted. We have jurisdiction over Dighlawi's appeal under 28 U.S.C. § 1291, and we affirm the district court's restitution order.

Dighlawi first contends that the district court abused its discretion by holding him fully liable for the victims' losses instead of apportioning the restitution amount between the co-defendants based on varying levels of culpability. If a restitution order is within the bounds of the statutory framework, it is reviewed for an abuse of discretion. *United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1162 (9th Cir. 2010). The Mandatory Victim Restitution Act ("MVRA") explicitly provides: "[i]f the court finds that more than 1 defendant contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h). If the trial court was clearly mistaken in its *ability* to apportion restitution, and in fact believed that the only option was to impose liability for the full amount, a finding of an abuse of discretion would be appropriate. *See United States v. Walton*, 217 F.3d 433, 451 (7th Cir. 2000). However, if the record reflects that the court knew it had the option to apportion

restitution but simply decided not to exercise that discretion, there is no abuse of discretion. *United States v. Booth*, 309 F.3d 566, 576 (9th Cir. 2002). The record reflects that the district court was aware that it had the option to apportion restitution.[1] Therefore, the district court's order requiring Dighlawi to pay full restitution for losses suffered by the victims of the conspiracy was not an abuse of its discretion under the MVRA.

Dighlawi next contends that his due process rights were violated because of inaccurate information the district court relied upon at his sentencing hearing. This argument is without merit as the district court did not rely on inaccurate information. Rather, the court was aware of the fugitive status of the most culpable defendant and of its ability to apportion restitution, and it exercised its discretion by ordering Dighlawi to pay full restitution.

Dighlawi further contends that the MVRA is unconstitutional as applied to him, on the theory that the restitution order was grossly disproportionate to the crime committed in violation of the Eighth Amendment. For the imposition of a criminal restitution order under the MVRA, the applicable test for considering

---

[1]The trial court made no statements indicating any confusion relating to its ability to apportion restitution as an alternative to making each co-defendant fully liable for payment of the full amount of restitution. Further, Dighlawi advanced arguments for apportionment at length in his sentencing papers, and the trial court acknowledged reading these papers on the record, indicating that it was aware of the argument to apportion liability and rejected those arguments.

whether the order violates the Eighth Amendment's prohibition on excessive fines or cruel and unusual punishment is whether the restitution order is "grossly disproportional" to the crime committed. *United States v. Dubose*, 146 F.3d 1141, 1145 (9th Cir. 1998). In this case, because the restitution amount was directly based upon the losses the victims suffered as a result of the criminal conspiracy that would not have been successfully accomplished without Dighlawi's participation, the restitution order was not grossly disproportionate to Dighlawi's criminal actions. *See id.* (explaining that "proportionality is inherent in a MVRA restitution order").

Finally, Dighlawi contends that the district court abused its discretion by ordering him to pay nominal restitution payments of no less than $50 per month. The district court's restitution order in this case was in strict compliance with the MVRA which allows the court to order the defendant to pay nominal periodic payments where the defendant lacks an ability to pay the full amount of the restitution order in the foreseeable future under any reasonable payment schedule. *See* 18 U.S.C. § 3664(f)(3)(B). Here, a $50 monthly payment is nominal, considering the restitution amount of $438,326.39. Also, the requirement during supervised release to pay over "windfall" amounts such as lottery winnings to the outstanding restitution order is within the discretionary power of the district court. *See United States v. Betts*, 511 F.3d 872, 877 (9th Cir. 2007). Furthermore, any

concerns about a need to choose between supporting his family and violating the restitution order are without merit, as under the MVRA, if Dighlawi's financial circumstances materially change, he must notify the court which has the ability to modify the payment schedule.  *See* 18 U.S.C. § 3664(k).

**AFFIRMED.**